# Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

jdabbs@heckerfink.com

September 8, 2025

**BY CM/ECF**

The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Application GRANTED. Defendant shall file an unredacted copy of ECF No. 52 under seal by **September 9, 2025**.*

*The Clerk of Court is directed to terminate ECF No. 51.*

*SO ORDERED.*

*Jennifer H. Rearden, U.S.D.J.*
*Dated: September 8, 2025*

Re:    United States v. Jerry Walton, No. 24 Cr. 50, No. 12 Cr. 857 (JHR)

Dear Judge Rearden:

We write pursuant to the Court's Order regarding Mr. Walton's proposed redactions to his sentencing submission. (*See* ECF 50.) Mr. Walton applied redactions without prior permission on the belief that the redacted material qualified as information regarding treatment and diagnosis. Pursuant to the Court's Order, however, Mr. Walton has unredacted almost all the information relating to his untreated trauma, medical and addiction issues. *See United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (holding that the public right of access to judicial documents overcame the defendant's "considerable privacy interest in his medical records" where the defendant "introduce[d] the medical records . . . to mitigate his sentence" and such records "informed the Court's sentencing"); *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) (observing that the presumption of access to judicial documents turns, in part, "on the role the document was intended [by the party] to play in the exercise of the court's Article III duties").

Pursuant to the Court's Individual Rule 10.C.ii, Mr. Walton seeks permission to retain redactions concerning the details underlying his childhood sexual abuse for the following reasons.[1] *First*, Mr. Walton's right of privacy in the details of his abuse outweighs the presumptive public right of access to that information, because it qualifies as subject matter that "is traditionally considered private rather than public." *Sattar*, 471 F. Supp. 2d at 386 (observing that "family affairs . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public") (citation modified). *Second*, this information qualifies as information regarding his diagnoses by Dr. Elie G. Aoun. (*See* Ex. B at 25-26.) *Third*, and perhaps of most importance, requiring Mr. Walton to disclose these details may "discourage [similarly situated defendants] from disclosing information that could be relevant to the Court's sentencing decision." *Dare*, 568 F. Supp. 2d at 244.[2] *Finally*, identifying the redacted information as childhood sexual abuse in this letter satisfies to some degree the public "right to know what information influences a judicial assessment of reasonable punishment." *King*, 2012 WL 2196674,

---

[1] The Government consents to the requested redactions.
[2] This reason is particularly salient where, as here, there is no objection to such redactions from the Government and no public request for such material. *Compare United States v. King*, No. 10-CR-122 (JGK), 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012) (considering motion to compel disclosure by the Government, the New York Times, and affected third parties); *Dare*, 568 F. Supp. 2d at 243 (considering motion to compel disclosure by the Albany Times Union).

Hecker Fink LLP

2

at *2 (citing *United States v. Strevell*, No. 05-CR-477 (GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009)).

In accordance with the Court's Rules and Practices, contemporaneously with the filing of this letter motion, we are refiling Mr. Walton's sentencing submission with redactions applied only to the details underlying his childhood sexual abuse and emailing unredacted copies of the same to the Court and the Government. Should the Court reject Mr. Walton's request, he is prepared to file a fully unredacted copy of his sentencing submission.

We thank the Court for its consideration of this request.

Respectfully submitted,

Jenna M. Dabbs

cc: AUSA William Stone